UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MICHAEL DALY, SHARON LEIFER, AND DANIEL J. BROWN, ON THEIR BEHALF AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>　　　　　　　Plaintiffs,<br><br>　　　v.<br><br>UNITRIN, INC, A FOREIGN INSURER; SAFECO INSURANCE COMPANY OF ILLINOIS, A FOREIGN INSURER; AND CCC INFORMATION SERVICES INC., A FOREIGN INSURER,<br><br>　　　　　　　Defendants. | No. CV-07-0384-EFS<br><br>**ORDER GRANTING PLAINTIFFS AND UNITRIN'S MOTIONS AND GRANTING AND DENYING IN PART SAFECO AND CCC'S MOTIONS** |

　　　Before the Court, without oral argument, are Defendant Unitrin, Inc.'s Motion to Dismiss (Ct. Rec. 6), Defendant Safeco Insurance Company of Illinois' ("Safeco") Motion to Dismiss (Ct. Rec. 12), Defendant CCC Information Services, Inc.'s Motion to Dismiss ("CCC") (Ct. Rec. 22), and Plaintiffs' Motion to Dismiss Unitrin and to Permit Amendment to Complaint to Substitute Financial Indemnity Company as a Defendant (Ct. Rec. 29).  After reviewing the submitted materials and applicable authority, the Court is fully informed.  For the reasons given below, the Court grants Plaintiffs' and Unitrin's motions and grants and denies in part Safeco's and CCC's motions.

**A.　Unitrin's and Plaintiffs' Motions to Dismiss**

　　　Given Plaintiffs and Unitrin's agreement, the Court grants Plaintiffs leave to amend the Complaint to substitute Financial

ORDER ~ 1

Indemnity Company, in place of Unitrin, as a Defendant. Accordingly, Plaintiffs' and Unitrin's motions are granted. Plaintiff shall file the amended complaint (Ct. Rec. 29-3) within five (5) after this Order is entered.

**B.   Safeco's and CCC's Motions to Dismiss**

Safeco and CCC (collectively hereinafter, "Defendants") ask the Court to dismiss Plaintiffs'[1] Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state (1) a Washington Consumer Protection Act cause of action and related injunctive-relief claim, (2) a negligent misrepresentation cause of action, and (3) a civil conspiracy cause of action. Plaintiffs contend the Complaint is sufficient as plead.

   1.   <u>Standard</u>

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the pleadings. *Navarro v. Block*, 250 F.3d 729, 731 (9th Cir. 2001). A complaint may be dismissed for failure to state a claim under Rule 12(b)(6) where the factual allegations do not raise the right to relief above the speculative level. *Bell Atl. v. Twombly*, 127 S. Ct. 1955, 1965 (2007). Conversely, a complaint may not be dismissed for failure to state a claim where the allegations plausibly show that the pleader is entitled to relief. *Id.* In ruling on a motion pursuant to Rule 12(b)(6), a court must construe the pleadings in the light most favorable to the plaintiff and must accept all material allegations in the complaint, as well as any reasonable inferences drawn therefrom.

---

[1] Because Plaintiff Daly is not asserting individual claims against Safeco, Safeco is not seeking dismissal of Daly's claims.

ORDER ~ 2

*Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003); *see also Chang v. Chen*, 80 F.3d 1293 (9th Cir. 1996). Motions to dismiss are viewed with disfavor and are rarely granted. *Hall v. City of Santa Barbara*, 833 F.2d 1270 (9th Cir. 1986).

    2.   <u>Washington Consumer Protection Act (CPA)</u>

The parties disagree as to what type of CPA claim the Complaint alleges - a *per se* deceptive trade practice CPA claim or a non-*per se* deceptive trade practice CPA claim. Defendants argue the Complaint alleges a *per se* deceptive trade practice CPA claim and, because Plaintiffs are not Defendants' insureds, they lack standing to bring such a CPA action. Although Plaintiffs maintain they are not pursuing a *per se* deceptive trade practice claim, the Court concludes the Complaint alleges both a *per se* deceptive trade practice claim and a non-*per se* deceptive trade practice CPA claim; however, "non-insured" Plaintiffs may only maintain the non-*per se* deceptive trade practice CPA claim.

    a.   *CPA Elements*

In Washington, a successful CPA plaintiff must satisfy the following five elements: (1) an unfair or deceptive act or practice, (2) occurring within trade or business, (3) affecting the public interest, (4) injuring the plaintiff's business or property, and (5) a causal relation between the deceptive act and the resulting injury. RCW 19.86.020; *Stephens v. Omni Ins. Co.*, 138 Wn. App. 151 (2007) (citing *Hangman Ridge Training Stables v. Safeco*, 105 Wn.2d 778 (1986)). Cases discuss two types of CPA claims: a *per se* deceptive trade practice claim and non-*per se* deceptive trade practice CPA claim.

A non-*per se* deceptive trade practice CPA claim is proven by establishing facts that satisfy each individual CPA element. *Hangman Ridge*, 105 Wn.2d at 785-86; *Pain Diagnostics*, 97 Wn. App. at 698-99. In a *per se* deceptive trade practice CPA claim, a plaintiff satisfies the first two elements, i.e. (1) an unfair or deceptive act or practice (2) occurring within trade or business, by proving a violation of a statute or regulation that the Washington legislature has labeled an unfair or deceptive business act or practice, such as insurance statute, RCW 48.30.010(1), or insurance regulations, WAC 284-30-300, -400. *Hangman Ridge*, 105 Wn.2d at 785-86; *Pain Diagnostics & Rehabilitation Assocs. v. Brockman*, 97 Wn. App. 691, 698 (1999). The *per se* deceptive trade practice claim plaintiff must then also establish the last three (3) CPA elements independently.

   b. *Per Se* Deceptive Trade Practice CPA Claim

Plaintiffs maintain that they are not asserting a *per* se deceptive trade practice CPA claim. The Complaint, however, asks the Court to: "[d]eclare that defendants' policies and practices of evaluating total loss settlement values, as they currently exist, are contrary to the laws of the state of Washington because they are in violation of RCW 48.01.030 and RCW 19.96 *et seq*." These are insurance statutes. As noted above, the Washington legislature has labeled insurance statute violations as *per se* unfair or deceptive acts or practices occurring within trade or business. Accordingly, when this declaratory judgment request is viewed with the remainder of the Complaint, the Complaint states a *per se* deceptive trade practice CPA claim.

However, to assert an insurance statute violation, the plaintiff

ORDER ~ 4

must be an insured of the insurance company. *See Pain Diagnostics*, 97 Wn. App. 697-98; *Tank v. State Farm Fire & Cas. Co.*, 105 Wn. 2d 381, 393-94 (1986); *Dussault v. Am. Int'l Group*, 123 Wn. App. 863, 867 (2004). Plaintiffs are not insureds of Safeco or Unitrin; therefore, Plaintiffs cannot rely upon RCW 48.01.030, or other insurance statutes or regulations, as a basis for relief against Defendants.

   c. *Non-Per Se Deceptive Trade Practice CPA Claim*

Defendants maintain that the Complaint fails to allege a non-*per se* deceptive trade practice CPA claim, relying upon *Green v. Holm*, 28 Wn. App. 135 (1981). The Court finds *Green* uncontrolling because the complaint in *Green* did not set forth the five elements of a CPA violation but rather generally claimed that the insurer violated the CPA and WAC 284-30-300 *et seq.* In addition, unlike Plaintiffs who wish to pursue only a non-*per se* deceptive trade practice CPA claim, the plaintiffs in *Green* desired to bring a *per se* deceptive trade practice CPA.

Defendants also argue "non-insured" Plaintiffs lack standing to bring a non-*per se* deceptive trade practice CPA claim against Defendants. As noted above, in order to prove a non-*per se* deceptive trade practice CPA claim, Plaintiffs must establish that each of the five (5) CPA elements is satisfied. The Complaint alleges:

> 12.2 Defendants' false representations to the class were unfair and deceptive acts occurring in trade or commerce.
>
> 12.3 Defendants' practice of utilizing false and deceptive representations in the settlement of total losses has a substantial adverse impact on the public interest.
>
> 12.4 Defendants' total loss settlement practices have caused damage to the class members who accepted less than full compensation for their totaled vehicles based on the

ORDER ~ 5

misrepresentations of defendants. (Ct. Rec. 1.) The Court finds the Complaint clearly sets forth facts to support elements one, four, and five: (1) deceptive acts that (4) caused (5) injury to Plaintiffs. The Court addresses below the second element - trade or commerce- and the third element - public interest. Inherent in the Court's discussion of these elements is whether "non-insured" Plaintiffs have standing to pursue a non-*per se* deceptive trade practice CPA claim against Defendants because "[t]he concerns that typically underlie the issue of 'standing' are already addressed by [satisfying the CPA] elements." *Stephens*, 138 Wn. App. at 176.

The Washington Supreme Court did not address whether a non-insured asserting a non-*per se* deceptive trade practice CPA claim has standing in *Tank* because the plaintiffs did not allege a non-*per se* deceptive trade practice CPA claim. 105 Wn. 2d at 394. And the Washington Court of Appeals in *Pain Diagnostics* explicitly declined to analyze this issue because the plaintiff failed to cite any authority to support its argument that it may maintain a non-*per se* deceptive trade practice CPA claim. 97 Wn. App. at 698-99. In *Stephens v. Omni Insurance Co.*, however, the Washington Court of Appeals discussed whether a consumer transaction is required in order to satisfy the trade or commerce element. 138 Wn. App. 151, 174-76 (2007). In *Stephens*, the issue was whether an uninsured motorist allegedly at fault could bring a CPA claim against a collection agency that was sending notices on behalf of an insurance company to recover on its subrogation interests. After ruling that a consumer relationship is not necessary to have standing to bring a CPA claim, the Washington Court of Appeals stated:

ORDER ~ 6

"[b]ecause [the collection agency] conducts commerce with [the insurers], and their commerce directly or indirectly affects people of the State of Washington including insured drivers, we conclude that [the collection agency's] practice of sending the notices is one that occurred in trade or commerce." *Id.* at 176. The court emphasized that the CPA allows "[*a*]*ny person* who is injured in his or her business or property by a violation of RCW 19.86.020 . . . may bring a civil action in superior court." RCW 19.86.090 (emphasis added).[2]

Here, Safeco and Unitrin represented its insureds, who were involved in motor vehicle accidents with Plaintiffs, during the adjustment of property damage claims. To assist with the valuation of the property damage claims, Safeco and Unitrin hired CCC to evaluate and appraise the property loss. Although Plaintiffs are not consumers of either CCC's services or insureds of Safeco and Unitrin, the Court concludes Plaintiffs have standing to pursue non-*per se* deceptive trade practice claims against Defendants. The terms "trade" and "commerce"

---

[2] The Court recognizes that in 1979 the Washington Court of Appeals upheld dismissal of a CPA claim brought by a non-insured against an insurance company because an adversarial relationship, not a consumer relationship, was involved. *Marsh v. Gen. Adjustment Bureau*, 22 Wn. App. 933. However, the case relied on in *Marsh* - *Bowe v. Eaton*, 17 Wn. App. 840 (1977) - has been eroded by later cases. *See Wash. State Physicians Ins. Exch. & Ass'n v. Fisons Corp.*, 122 Wn.2d 299, 312 (1993). Accordingly, the Court relies upon the more recent *Stephens* decision.

ORDER ~ 7

as used in the CPA are to be construed broadly. *Stephens*, 138 Wn. App. at 173. After construing these terms broadly and the pleadings in a light favorable to Plaintiffs, the Court finds the Complaint contains adequate allegations that Defendants' alleged deceptive acts involved "commerce directly or indirectly affecting the people of the state of Washington." RCW 19.86.010(2).

To satisfy the third element, Plaintiffs must allege facts "show[ing] that the acts complained of affect the public interest." *Hangman Ridge*, 105 Wn.2d at 788; *see Stephens*, 138 Wn. App. at 177 (setting out the different consumer-transaction and private-dispute factors to consider when determining whether the public interest element is met). Plaintiffs bring these CPA actions arguably based on private disputes, rather than consumer transactions. But as *Stephens* explains, "[n]o one [consumer-transaction or private-dispute] factor is dispositive, nor is it necessary that all be present. . . . In some cases the public interest element may be satisfied even though a 'neat distinction between consumer and private dispute is not workable." 138 Wn. App. 177-78 (citations omitted). "However the dispute arises, 'it is the likelihood that additional plaintiffs have been or will be injured in exactly the same fashion that changes a factual pattern from a private dispute to one that affects public interest.'" *Id*. at 178 (quoting *Hangman Ridge*, 105 Wash. 2d at 790). Here, Defendants' alleged conduct - that they falsely represented to Plaintiffs the value of their vehicles -, in the context of a Rule 12(b)(6) motion, are sufficient to satisfy the public interest element of the CPA five-part test.

ORDER ~ 8

Because the Court finds the Complaint alleges sufficient facts to support the five (5) elements of a non-*per se* deceptive trade practice CPA claim against Defendants, the Court finds Plaintiffs have standing to bring this claim; Defendants' motions are denied in part.

        d.   *Summary*

In summary, the Court grants Defendants' motion to the extent the Complaint alleges a *per se* deceptive trade practice CPA claim or relies upon Washington insurance statutes or regulations to support the requested relief under the CPA, negligent misrepresentation, or civil conspiracy causes of action, and denies Defendants' motion to dismiss the non-*per se* deceptive trade practice CPA cause of action.

    2.   <u>Negligent Misrepresentation</u>

Defendants ask the Court to dismiss Plaintiffs' negligent misrepresentation cause of action because Defendants do not owe Plaintiffs any legal duty and Plaintiffs failed to allege facts to support the "justifiable reliance" element.

Washington utilizes the Restatement (Second) of Torts with respect to negligent misrepresentation. *ESCA Corp. v. KPMG Peat Marwick*, 135 Wn. 2d 820, 826 (1998). Section 552(1) recognizes a negligent misrepresentation cause of action based on an affirmative misrepresentation. RESTATEMENT (SECOND) OF TORTS § 552; *see Westby v. Gorusch*, 112 Wn. App. 558 (2002); *Dussault v. Am. Int'l Group*, 123 Wn. App. 863, 871 (2004); *Colonial Imports v. Carlton N.W.*, 121 Wn. 2d 726 (1993). One of the necessary elements is justifiable reliance upon the information given. RESTATEMENT (SECOND) OF TORTS § 552.

The Complaint alleges a number of affirmative misrepresentations

ORDER ~ 9

by Safeco, Unitrin, and CCC and also alleges that each Plaintiff "justifiably relied on the information provided by Safeco [or Unitrin] and CCC and did not receive full value for [their] car." (Ct. Rec. 1 ¶¶ 4.11; 5.11; 6.9.) The Court finds Plaintiffs sufficiently pleaded facts to state an affirmative negligent misrepresentation cause of action. Whether Plaintiffs have sufficient evidence to create a genuine issue of material fact of justifiable reliance on the alleged misrepresentations is a matter for summary judgment.[3] *See Condor Enterps. v. Boise Cascade Corp.*, 71 Wn. App. 48, 52 (1993); *Dohrer v. Wakeman* 14 Wn. App. 157, 164 (1975). Accordingly, Defendants' motions are denied in part.[4]

---

[3] Because *Myers v. Travelers Property Casualty Corp.*, No 00 CH 2793 (Cook Cty Cir. Ct. Sept 28, 2001), is unpublished, the Court will not consider it. LR 7.1(g)(2). Counsel for CCC's use of an unpublished opinion is both surprising and inappropriate, but the Court will not impose sanctions on this occasion.

[4] This conclusion does not conflict with the Court's CPA rulings. In *Indoor Billboard/Washington v. Integra Telecom of Washington*, the Washington Supreme Court addressed the CPA causation element and concluded that a CPA plaintiff need not prove justifiable reliance but rather "must establish that, but for the defendant's unfair or deceptive practice, the plaintiff would not have suffered an injury." 162 Wn.2d 59, 83 (2007). By utilizing proximate cause, rather than justifiable reliance, the CPA's causation element is distinguished from the negligent affirmative

ORDER ~ 10

### 3. Civil Conspiracy Claim

Defendants contend Plaintiffs cannot maintain a civil conspiracy cause of action because they failed (1) to allege an underlying wrong and (2) to plead the civil conspiracy cause of action with the required specificity. Above, the Court found Plaintiffs sufficiently pleaded both a non-*per se* deceptive trade practice CPA and a negligent affirmative misrepresentation cause of action. Therefore, Plaintiffs' civil conspiracy cause of action is based on an underlying wrong; Defendants' motions are denied in part.

A civil conspiracy exists if "two or more persons combine to accomplish an unlawful purpose or *combine to accomplish some purpose not in itself unlawful by unlawful means*." *Corbit v. J.I. Case Co.*, 70 Wn. 2d 522, 529 (1967) (emphasis added). The Court finds Plaintiffs sufficiently pleaded the elements and factual basis of an "unlawful means" civil conspiracy cause of action. The Complaint does not "lump multiple defendants together," but rather the factual sections of the Complaint differentiate the Defendants and identifies the alleged conduct engaged in by each Defendant. *See Swartz v. KPMG LLP*, 476 F.3d 756 (9th Cir. 2007). Accordingly, Defendants' motions to dismiss the civil conspiracy cause of action are denied.

**C. Conclusion**

For the above-given reasons, **IT IS HEREBY ORDERED**:

1. Defendant Unitrin's Motion to Dismiss **(Ct. Rec. 6)** is **GRANTED**.

2. Plaintiffs' Motion to Dismiss Unitrin and to Permit Amendment to Complaint to Substitute Financial Indemnity Company as a Defendant

---

misrepresentation causation element.

**(Ct. Rec. 29)** is **GRANTED**.  Plaintiff shall file the amended complaint (Ct. Rec. 29-3) within five (5) days after this Order is entered.

    3.    Defendant Safeco's Motion to Dismiss **(Ct. Rec. 12)** is **GRANTED** (*per se* CPA cause of action and related declaratory relief) **and DENIED** (remainder) **IN PART.**

    4.    Defendant CCC's Motion to Dismiss **(Ct. Rec. 22)** is **GRANTED** (*per se* CPA cause of action and related declaratory relief) **and DENIED** (remainder) **IN PART.**

**IT IS SO ORDERED.**  The District Court Executive is hereby directed to enter this Order and furnish copies to counsel.

**DATED** this __11th__ day of June 2008.

                                                           s/ Edward F. Shea
                                                           EDWARD F. SHEA
                                               UNITED STATES DISTRICT JUDGE

Q:\Civil\2007\0384.dismiss.wpd