IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MICHAEL DALY, SHARON LEIFER, AND DANIEL J. BROWN, ON THEIR BEHALF AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, <br> Plaintiffs, <br><br> v. <br><br> FINANCIAL INDEMNITY COMPANY, A FOREIGN INSURER; SAFECO INSURANCE COMPANY OF ILLINOIS, A FOREIGN INSURER; AND CCC INFORMATION SERVICES INC., A FOREIGN INSURER, <br> Defendants. | No. CV-07-384-EFS <br><br> STIPULATED PROTECTIVE ORDER |

Plaintiffs Michael Daly ("Daly"), Sharon Leifer ("Leifer"), and Daniel J.

Brown ("Brown") (collectively "Plaintiffs") and Defendants Financial Indemnity

Company ("FIC"), Safeco Insurance Company of Illinois ("Safeco"), and CCC

Information Services Inc. ("CCC") (collectively "Defendants"), hereby agree that

certain documents and other information and materials in the encaptioned lawsuit,

that have been or will be exchanged in discovery or otherwise, are confidential

and/or proprietary or contain confidential and/or proprietary information. The

parties agree that these documents, materials and information are properly usable

by the other parties solely in connection with such lawsuit and should otherwise be

kept and remain confidential through the course of the litigation and thereafter and

WITHERSPOON, KELLEY, DAVENPORT & TOOLE, P.S.
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELORS
1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0300
(509) 624-5265

not be used for any other purpose.  Therefore, pursuant to FED. R. CIV. P. 26, the

parties stipulate and agree that the following protective provisions governing

certain documents or other information and materials that are confidential and/or

proprietary, or that contain confidential and/or proprietary information as defined

below, be, and hereby are, imposed upon all discovery and litigation proceedings

described herein, whether such discovery and litigation proceedings be directed at

a party to the litigation or at any other person or entity.

## I.  DEFINITIONS

1.1    When used herein, the word "document" means all written, recorded,

or graphic matter whatever, including but not limited to interrogatory answers,

responses to requests for admission, documents produced in response to document

requests or voluntarily, including writings, drawings, graphs, charts, maps or other

materials within the contemplation of FED. R. CIV. P. 34, deposition testimony,

deposition transcripts and exhibits, trial exhibits, hearing or trial transcripts, any

portion or summary of any of the foregoing, and any other papers that quote from,

reflect, reveal or summarize any of the foregoing.

WITHERSPOON, KELLEY, DAVENPORT & TOOLE, P.S.
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELORS
1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0300
(509) 624-5265

1.2    "Confidential Information" means such information that is used by a party in, or pertaining to, its business, which information is not generally known and which that party would normally not reveal to third parties or, if disclosed, would require such third parties to maintain in confidence.  "Confidential Information" shall include, but not be limited to:  (a) material that contains or reveals trade secrets or other non-public, proprietary, or competitively sensitive research, development, financial, or commercial information, or (b) information that, if publicly disclosed, would violate the parties' respective confidentiality and/or privacy policies and/or agreements, including without limitation policies and/or agreements with employees, customers, or third parties.

1.3    When used herein, "Confidential Material" means any and all documents or things that contain, reflect or reveal Confidential Information.

1.4    When used herein, "Highly Confidential Information" means particularly sensitive technical information relating to research for and production of current products, technical, business and research information regarding future products, highly sensitive financial information and marketing plans and forecasts, customer lists, pricing data, cost data, customer orders, customer quotations, as well as such other documents, information or materials that relate to other proprietary information that the producing party reasonably believes is of such

STIPULATED PROTECTIVE ORDER - 3

WITHERSPOON, KELLEY, DAVENPORT & TOOLE, P.S.
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELORS
1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0300
(509) 624-5265

nature and character that disclosure of such information would be harmful to the producing party.

1.5     When used herein, "Highly Confidential Material" means any and all documents or things that contain, reflect or reveal Highly Confidential Information.

1.6     When used herein, the term "lawsuit" shall include the above-captioned action, and any ancillary proceedings such as those brought in connection with subpoenas to non-parties, including without limitation, motions to compel or motions for protective orders by or in connection with subpoenas to non-parties.

## II.  USE OF INFORMATION AND MATERIAL

3.1     All Confidential and Highly Confidential Information and Material discovered or produced in this lawsuit shall be used by the receiving party solely for the prosecution and/or defense of the lawsuit and for purposes of evaluation of settlement and for settlement negotiations, and not for any other purpose, including without limitation, any competitive or business purpose.  Nothing contained herein shall restrict or prevent any party from disclosing or otherwise using any information or documents not obtained under this Stipulation, in which case this Stipulation shall not apply to such information or documents.

STIPULATED PROTECTIVE ORDER - 4

WITHERSPOON, KELLEY, DAVENPORT & TOOLE, P.S.
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELORS
1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0300
(509) 624-5265

## III. **DESIGNATION OF CONFIDENTIAL INFORMATION AND MATERIALS**

3.1     <u>Standard Designation Procedure</u>.  Confidential Information and Material disclosed or discovered in this lawsuit may be designated by the disclosing party as such and thus made subject to the limitations of this Stipulation and Order.  Except for Confidential Information disclosed during the course of a deposition or hearing in this lawsuit, Confidential Information shall be so designated in writing by the party making the designation prior to or at the time of the party's disclosure of such information.  Confidential Material shall be so designated by stamping or otherwise placing on the face of the document(s) the legend "[DALY or LEIFER or BROWN or FIC or SAFECO or CCC or THIRD-PARTY NAME, as the case may be] CONFIDENTIAL INFORMATION: SUBJECT TO PROTECTIVE ORDER."  All things containing Confidential Information that cannot be conveniently labeled shall be designated as confidential by letter to the receiving party.

3.2     <u>Highly Confidential Information</u>.  A party may further designate certain categories of Confidential Information, specified in paragraph 1.4 above, as Highly Confidential Information if the disclosing party in good faith believes that such a designation is necessary to prevent the party from incurring economic or competitive injury.  Highly Confidential and Material disclosed or discovered in

STIPULATED PROTECTIVE ORDER - 5

WITHERSPOON, KELLEY, DAVENPORT & TOOLE, P.S.
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELORS
1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0300
(509) 624-5265

this lawsuit may be designated by the disclosing party as such and thus made subject to the limitations of this Stipulation and Order.  Except for Highly Confidential Information disclosed during the course of a deposition or hearing in this lawsuit, Highly Confidential Information shall be so designated in writing by the party making the designation prior to or at the time of the party's disclosure of such information.  Highly Confidential Material shall be so designated by stamping or otherwise placing on the face of the document(s) the legend "[DALY or LEIFER or BROWN or FIC or SAFECO or CCC or THIRD-PARTY NAME, as the case may be] HIGHLY CONFIDENTIAL:  ATTORNEYS' EYES ONLY." All things containing Highly Confidential Information that cannot be conveniently labeled shall be designated as highly confidential by letter to the receiving party.

    3.3    Copies and Derivative Items.  Any copy made of any document or thing so designated, or any document or thing created (*e.g.*, any abstract, summary, memorandum or exhibit) containing information designated pursuant to this Stipulation and Order shall bear on its face the appropriate legend specified in paragraphs 3.1 and 3.2. All things containing Confidential Information or Highly Confidential Information that cannot be conveniently labeled shall be designated as such by letter to the receiving party.

    3.4    Designation Of Information Disclosed During Depositions Or Hearings.  Confidential Information or Highly Confidential Information disclosed

STIPULATED PROTECTIVE ORDER - 6

WITHERSPOON, KELLEY, DAVENPORT & TOOLE, P.S.
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELORS
1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0300
(509) 624-5265

during the course of a deposition or hearing in this lawsuit shall be so designated by advising other parties and the court reporter during the course of such deposition or hearing that the information disclosed is confidential and that the transcript, or a portion thereof, should be treated as Confidential or Highly Confidential under this Stipulation and Order and by instructing the court reporter to note the appropriate designation on the transcript.  Further, a party may also designate a transcript, or portion thereof, as confidential by advising the other parties and the court reporter, in writing, of such designation within 30 days after receipt of the transcript and instructing the court reporter to add the appropriate legend to the transcript.  During such 30-day period, all deposition and hearing transcripts shall be treated as Highly Confidential under paragraph 4 herein.

     3.5    <u>Court Filings</u>.  In the event that counsel for a party determines to file in or submit to the Court any Confidential or Highly Confidential Information or Material, such documents shall be filed only in a sealed envelope on which a statement substantially in the following form shall be endorsed:

**CONFIDENTIAL--Subject to Protective Order**
**United States District Court**
**Eastern District of Washington**
**Case No. CV-07-384-EFS**

     3.5.1  The Clerk of the Court shall maintain such documents separate from the public records in this action as Restricted Documents pursuant to Local

STIPULATED PROTECTIVE ORDER - 7

WITHERSPOON, KELLEY, DAVENPORT & TOOLE, P.S.
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELORS
1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0300
(509) 624-5265

Rule LR 26.2. Following the final disposition of the case, the Clerk shall return all Restricted Documents to the attorney(s) who filed them.

        3.5.2   A redacted version of any court filing, deleting all Confidential and Highly Confidential Information and Material, may be filed as part of the public record in this lawsuit.

        3.6     If any Confidential or Highly Confidential Information or Material is to be offered in any hearing, trial or other proceeding, the party intending to offer such information or material shall, prior to doing so, advise the other parties of its intention to offer evidence of such nature at least 10 days before such proceeding, or such other period as required under any applicable Order or is reasonably possible based on the emergent nature of such proceeding.  The designating party or non-party shall have the right to request the entry of order(s) by the Court, in limine or otherwise, to protect the confidentiality of the information or materials, before the information or material is used.  Any such documents or things may be offered into evidence in open court unless the opposing party obtains such a protective order from the Court.  Nothing in this provision shall require disclosure of specific information or material to be used in a hearing, trial or other proceeding.

STIPULATED PROTECTIVE ORDER - 8

WITHERSPOON, KELLEY, DAVENPORT & TOOLE, P.S.
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELORS
1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0300
(509) 624-5265

## IV.  TREATMENT OF CONFIDENTIAL INFORMATION AND MATERIAL

4.1   The only individuals who shall be permitted to learn of Confidential Information or to view another party's or non-party's Confidential Material produced pursuant to this Stipulation and Order or to learn about their contents or substance, other than the person or entity producing or providing such Confidential Information or Confidential Material, are:

4.1.1   Any trial, appellate, or magistrate judge of any Court presiding over the lawsuit or any proceeding ancillary to the lawsuit as described in paragraph 1.6 above, and any clerk, secretary, reporter or other personnel employed by such Court;

4.1.2   Outside and inside legal counsel for the parties who are participating in the prosecution or defense of the lawsuit and who have filed an appearance therein, and attorneys, legal assistants, clerical personnel, secretaries and other regular or temporary employees or agents working under the direction of such attorneys and to whom it is necessary that Confidential Information or Confidential Material be disclosed;

4.1.3   Stenographic reporters, copying services, and imaging services in the lawsuit;

WITHERSPOON, KELLEY, DAVENPORT & TOOLE, P.S.
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELORS
1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0300
(509) 624-5265

4.1.4   Consultants or experts advising the parties' outside legal counsel concerning the lawsuit (and only when essential to the experts' or consultants' activities in connection therewith), including any person designated or to be designated as an expert witness in the lawsuit;

4.1.5   Mock jurors, focus group members, and the like selected by counsel or trial consultants or jury consultants in preparation for proceedings in the lawsuit;

4.1.6   Employees of each party who have a legitimate need to know or review the Confidential Information or Material in connection with this lawsuit;

4.1.7   Other persons who have a legitimate need to know or review the Confidential Information or Material in connection with this lawsuit, provided that the producing party expressly agrees to disclosure to such other persons in writing or the Court orders such disclosure;

4.1.8   Any former employee of the designating party or any former employee of such party who was involved with the matters the item is directed to at the time the events to which the item is directed; and

4.1.9   Any entity that authored or received the item prior to its production to the receiving party.

4.2   Except for the persons authorized by this paragraph 4, no other employees, agents or representatives of any party, nor any other persons or entities,

WITHERSPOON, KELLEY, DAVENPORT & TOOLE, P.S.
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELORS
1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0300
(509) 624-5265

shall be permitted access to any Confidential Information or Confidential Materials.

4.3     All persons to whom Confidential Information and Materials are disclosed or given shall maintain the confidentiality of same, subject to the terms of this Stipulation and Order.

4.4     Except for persons described in subparagraphs 4.1.1, 4.1.2, 4.1.3, 4.1.5, and 4.1.6 above, all persons to whom any Confidential Information or Confidential Materials are disclosed shall, prior to any disclosure to them, execute a "Protective Agreement" in the form attached hereto as Exhibit A. Said signed agreement shall be retained by counsel for the receiving party until termination of the lawsuit, or until such copy is reasonably requested by the designating party for use in an investigation of a violation of this Protective Order.

4.5     Before any disclosure of Confidential Information or Confidential Material to any person described in subparagraph 4.1.5, any such person shall execute a "Non-Disclosure Agreement" in the form attached as Exhibit B. Said signed agreement shall be retained by counsel for the receiving party until termination of the lawsuit, or until such copy is reasonably requested by the designating party for use in an investigation of a violation of this Protective Order. No documents or physical things embodying Confidential Information or Confidential Material shall be left in the possession of any such person.

WITHERSPOON, KELLEY, DAVENPORT & TOOLE, P.S.
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELORS
1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0300
(509) 624-5265

4.6    The only individuals who shall be permitted to learn of Highly Confidential Information or to view another party's or non-party's Highly Confidential Material produced pursuant to this Stipulation and Order or to learn about their contents or substance, other than the person or entity producing or providing such Highly Confidential Information or Highly Confidential Material, are:

4.6.1    Persons described in subparagraph 4.1.1;

4.6.2    Outside legal counsel for the parties who are participating in the prosecution or defense of the lawsuit and who have filed an appearance therein, and attorneys, legal assistants, clerical personnel, secretaries and other regular or temporary employees or agents working under the direction of such attorneys and to whom it is necessary that Highly Confidential Information or Highly Confidential Material be disclosed;

4.6.3    Persons described in subparagraph 4.1.3;

4.6.4    Persons described in subparagraph 4.1.4;

4.6.5    Persons described in subparagraph 4.1.5;

4.6.6    Up to one additional in-house counsel of each party for the sole purpose of assisting in this litigation, and for no other business, marketing, or other purpose.

STIPULATED PROTECTIVE ORDER - 12

WITHERSPOON, KELLEY, DAVENPORT & TOOLE, P.S.
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELORS
1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0300
(509) 624-5265

Any representative designated pursuant to subparagraph 4.6.6 must maintain all Highly Confidential Information or Material in a manner such that it is stored or maintained in the personal office files of the representative and is clearly identified and segregated from any other documents or materials maintained by the representative. Any such document must be maintained in files containing the legend "FOR [PARTY'S REPRESENTATIVE NAME, as the case may be]'S EYES ONLY."

4.6.7   Other persons who have a legitimate need to know or review the Highly Confidential Information or Material in connection with this lawsuit, provided that the producing party expressly agrees to disclosure to such other persons in writing or the Court orders such disclosure.

4.7     In the event counsel for any party determines that any person other than those referred to in this paragraph 4 should have access to Confidential or Highly Confidential Information or Materials, counsel shall confer with counsel for all other parties in an effort to resolve the matter. In the absence of agreement, any party may move the Court to allow such access.

4.8     Nothing shall prevent disclosure of an item designated as Confidential or Highly Confidential Information or Material to any entity by the party who designated such item as confidential.

STIPULATED PROTECTIVE ORDER - 13

WITHERSPOON, KELLEY, DAVENPORT & TOOLE, P.S.
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELORS
1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0300
(509) 624-5265

4.9    Nothing shall prevent disclosure beyond the terms of this Stipulation and Order if the party designating the information consents in writing to such disclosure, or if the Court, after notice to all affected parties, orders such disclosure.

4.10    The receiving party and its counsel shall incur no liability for disclosures made prior to notice of any designation of confidentiality, except for the 30-day period described in Paragraph 3.4.

4.11    Nothing in this Stipulation and Order shall prevent or otherwise restrict any counsel from rendering advice to counsel's client and, in the course thereof, relying generally on counsel's examination of materials designated confidential under this Stipulation and Order; provided, however, that in rendering such advice and otherwise communicating with such client, counsel shall not make a specific disclosure of any materials or information so designated.

4.12    In the event that any person in receipt of Confidential or Highly Confidential Information or Material shall receive a written request, subpoena, or Court Order seeking disclosure of such information, such person shall immediately upon receipt of such request, subpoena or Court Order, notify counsel for the designating party of the request, subpoena or Court Order, and shall provide counsel for the designating party with a copy of the same.

WITHERSPOON, KELLEY, DAVENPORT & TOOLE, P.S.
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELORS
1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0300
(509) 624-5265

## V. **GREATER PROTECTION AND LIMITATION OF ACCESS**

5.1     Nothing contained in this Stipulation and Order shall constitute a waiver of any party's right to assert that particular Confidential or Highly Confidential Information or Material is entitled to greater protection and/or limitation of access than afforded by this Stipulation and Order, including an assertion that certain such information or materials should not be produced at all.

5.2     In the event that counsel for any party asserts that Confidential or Highly Confidential Information or Material is entitled to such greater protection and/or limitation of access, counsel shall confer with counsel for all other parties in an effort to resolve the matter. If resolved by agreement, counsel shall submit a stipulated form of Order to the Court reflecting any terms of agreement providing any such greater protection or limitations of access than otherwise provided by this Stipulation and Order. In the absence of agreement, any party may move the Court for an Order further protecting, limiting or denying access.

## VI. **INFORMATION DESIGNATED IMPROPERLY**

6.1     The restrictions set forth in this Stipulation and Order shall not apply to:

6.1.1   Any information which at the time of disclosure is available to the public;

STIPULATED PROTECTIVE ORDER - 15

WITHERSPOON, KELLEY, DAVENPORT & TOOLE, P.S.
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELORS
1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0300
(509) 624-5265

6.1.2   Any information which after disclosure becomes available to the public through no act, or failure to act, on behalf of the receiving party, its counsel or independent consultant; and

6.1.3   Any information which the receiving party, its counsel or independent consultants can show (i) was lawfully known by the receiving party before it was disclosed by the disclosing party, (ii) as a matter of written record was independently developed by the receiving party, (iii) was obtained from the furnishing party without having been identified as Confidential Information, or (iv) was received after the time of disclosure hereunder from a third party having the right to make such disclosure and was not required to be held in confidence.

6.2   Any party may challenge any designation of confidentiality by giving written notice to the designating party (which notice shall specify with particularity the document or other matter pursuant to which the challenge is made).  Within ten (10) days after receipt of such notice, counsel for the party that produced the materials must determine whether to withdraw the designation.  If the designation is withdrawn, counsel for the designating party shall give written notice of the change and shall substitute undesignated copies of the items.  If counsel for the designating party does not withdraw the designation, the party making the challenge may file a motion with the Court with respect thereto.  The parties agree that before seeking any relief from the Court they will make a good faith effort to

Memorandum in Support of Stipulated
Motion to Approve Protective Order - 22

STIPULATED PROTECTIVE ORDER - 16

WITHERSPOON, KELLEY, DAVENPORT & TOOLE, P.S.
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELORS
1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0300
(509) 624-5265

resolve any disputes concerning the appropriate treatment of such materials.  Until this Court enters an order changing the designation, the materials shall be treated in accordance with their initial designation.

6.3     No party shall be obligated to challenge the propriety or correctness of the designation of information as Confidential or Highly Confidential Information or Material and a failure to do so shall not preclude a subsequent challenge to such status.  The burden of proof with respect to the propriety or correctness in the designation of information as Confidential or Highly Confidential Information or Material shall rest on the designating party, except that the burden of proving the exceptions set forth in Paragraph 6.1 shall rest on the party asserting the exceptions.

6.4     A party that inadvertently fails to designate Confidential or Highly Confidential Information or Material at the time of its production shall have thirty (30) days thereafter in which to correct its failure, or for good cause shown after the expiration of the thirty days.  Such correction, and notice thereof, shall be made in writing, accompanied by substitute copies of each affected item, designated as described above, or any claim of confidentiality under this Order will be deemed waived.

6.5     If a producing party inadvertently discloses to a receiving party information that is privileged or otherwise immune from discovery, said producing

STIPULATED PROTECTIVE ORDER - 17

WITHERSPOON, KELLEY, DAVENPORT & TOOLE, P.S.
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELORS
1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0300
(509) 624-5265

party shall promptly upon discovery of such disclosure so advise the receiving party in writing and request that the item or items of information be returned, and no party to this action shall thereafter assert that such disclosure waived any privilege or immunity. It is further agreed that the receiving party will return such inadvertently produced item or items of information and all copies thereof within 10 days after the earliest of (i) discovery by the receiving party of its inadvertent production, or (ii) receiving a written request for the return of such item or items of information. The party having returned such inadvertently produced item or items of information may thereafter, without asserting waiver because of inadvertent production, seek production of any such documents in accordance with the Federal Rules of Civil Procedure.

## VII.  MISCELLANEOUS

7.1    The fact that a document or transcript contains both Confidential or Highly Confidential Information or Material and other non-confidential information or material does not affect the protected nature of the Confidential or Highly Information or Material therein, and with regard to the procedures in this Stipulation and Order, the entire document shall be treated as Confidential or Highly Confidential Information or Material, unless only portions thereof are designated, in accordance herewith.

WITHERSPOON, KELLEY, DAVENPORT & TOOLE, P.S.
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELORS
1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0300
(509) 624-5265

7.2     This Stipulation and Order does not supersede any existing confidentiality agreement to which a party is bound, which shall continue in full force; however, production or disclosure of Confidential Information under this Stipulation and Order shall be deemed to be disclosure pursuant to a Court Order and not in violation of any such agreements with third parties.  The parties represent that they will not assert existing confidentiality agreements with a non-party as a basis to withhold Confidential Information after this Stipulation and Order becomes effective.

7.3     The provisions of Paragraph 7.1 requiring entire documents and entire deposition transcripts to be treated as Confidential Material even when only portions thereof contain Confidential Information are intended to protect and control dissemination of the Confidential Information.  Confidential portions of any such transcript or document shall be disclosed only to persons entitled to see the same pursuant to this Stipulation and Order.  Portions of any such document or transcript that are not designated as Confidential Information may be copied or quoted in connection with the lawsuit (after redaction of any designated Confidential Information appearing on the same page) without further action being required under this Stipulation and Order. The parties should endeavor, however, to avoid over-designating documents or transcripts as Confidential Material to the extent possible.

WITHERSPOON, KELLEY, DAVENPORT & TOOLE, P.S.
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELORS
1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0300
(509) 624-5265

7.4    Any party shall have the right to apply to the Court, after efforts by counsel to resolve the matter, for an Order permitting further disclosure or declassification of Confidential Information or Confidential Materials hereunder upon a showing that such is necessary to an adequate preparation of the movant's case, is otherwise necessary to protect the interests of such party, that the designation of Confidential Information or Confidential Materials was unnecessary, unjustified or otherwise inappropriate within the contemplation of this Stipulation, or for any other just cause. The party requesting disclosure or declassification shall adhere to all terms of this Stipulation and Order except to the extent permitted by the Court's ruling on such application.

7.5    Nothing in this Stipulation and Order shall constitute an admission by any party or impose a duty upon any party to produce any documents, information and materials that are not discoverable pursuant to the Federal Rules of Civil Procedure for reasons other than the confidentiality concerns addressed by this Stipulation and Order.

7.6    Upon conclusion of the lawsuit, including all appeals therefrom, all Confidential and Highly Confidential Material produced by a party (including any duplicates thereof) shall be returned to counsel for the party that produced such Material or the Confidential or Highly Confidential Information contained therein, provided that, with respect to any Confidential or Highly Confidential Material that

STIPULATED PROTECTIVE ORDER - 20

WITHERSPOON, KELLEY, DAVENPORT & TOOLE, P.S.
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELORS
1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0300
(509) 624-5265

constitutes portions of filed pleadings or which are notes, summaries, extracts, privileged information or work product prepared by one to whom Confidential or Highly Confidential Material have been disclosed, and which therefore contain Confidential or Highly Confidential Information, such materials shall be delivered to the counsel for the party on whose behalf such recipient was acting, which counsel shall assure that such material is maintained as confidential in counsel's permanent case files (and not in any other client files) or is destroyed. Such counsel shall verify proper disposition thereof.

7.7    Any non-party from whom discovery is sought in the lawsuit may invoke the protection of this Stipulation and Order to designate documents or other information and materials as Confidential or Highly Confidential Information or Material hereunder. In such event, the non-party agrees to be bound by the terms of this Stipulation and Order, and all parties agree that the non-party's Confidential or Highly Confidential Information and Material shall be treated in a manner consistent with this Stipulation and Order in all respects.

7.8    After the conclusion of this action, including without limitation, any appeal or retrial, this Order shall continue to be binding upon the parties hereto, and all persons to whom designated materials have been disclosed or communicated. This Court retains jurisdiction over the parties hereto indefinitely

WITHERSPOON, KELLEY, DAVENPORT & TOOLE, P.S.
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELORS
1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0300
(509) 624-5265

with respect to any dispute regarding the improper use of information produced under this Order.

    7.9     The parties will jointly petition the Court for approval of this Stipulation and for entry of a Protective Order under FED. R. CIV. P. 26.

IT IS HEREBY ORDERED:  The Court approves the parties' stipulation and enters the Protective Order as set forth above.  The parties' Stipulated Motion to Approve Protective Order  (Ct. Rec. 69) and Motion to Expedite Hearing (CT. Rec. 72) are GRANTED.

SO ORDERED

                                    s/ Edward F. Shea
                        _____
                        United States District Judge Edward F. Shea
                        United States District Court
August 4, 2008          for the Eastern District of Washington
~~July~~      , 2008

WITHERSPOON, KELLEY, DAVENPORT & TOOLE, P.S.
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELORS
1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0300
(509) 624-5265

STIPULATED PROTECTIVE ORDER - 22

Dated this 31st day of July, 2008.

Respectfully AGREED and SUBMITTED by:

/s/ Geana M. Van Dessel
Leslie R. Weatherhead
Geana M. Van Dessel
WITHERSPOON, KELLEY, DAVENPORT &
TOOLE, PS
422 West Riverside, Suite 1100
Spokane, Washington  99201
Phone: (509) 624-5265
Fax: (509) 458-2717

Timothy B. Hardwicke
Mark S. Mester
Livia M. Kiser
LATHAM & WATKINS LLP
Sears Tower, Suite 5800
233 South Wacker Drive
Chicago, Illinois  60606
Phone: (312) 876-7700
Fax:  (312) 993-9767

*Counsel for Defendant CCC Information
Services Inc.*

/s/ Edward G. Johnson, approved via email
Edward G. Johnson, Esq.
LAW OFFICES OF RAYMOND W.
SCHUTTS
22425 East Appleway Ave., Suite 12
Liberty Lake, Washington
99019Phone: (509) 944-2171
Fax: (800) 722-1025

Cari K. Dawson
Tiffany L. Powers
Garrett L. Pendleton
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, Georgia 30309-3424
Phone: (404) 881-7000
Fax: (404) 881-7777

*Counsel for Defendant Safeco
Insurance Company of Illinois*

STIPULATED PROTECTIVE ORDER - 23

WITHERSPOON, KELLEY, DAVENPORT & TOOLE, P.S.
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELORS
1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0300
(509) 624-5265

*/s/ John D. Munding*, *approved via email*
John D. Munding
CRUMB & MUNDING, P.S.
601 West Riverside, Suite 1950
Spokane, Washington 99201
Phone: (509) 624-6464
Fax: (509) 624-6155

Mark L. Hanover
SONNENSCHEIN NATH & ROSENTHAL LLP
7800 Sears Tower
233 South Wacker Drive
Chicago, Illinois 60606-6404
Phone: (312) 876-3145
Fax: (312) 876-7934

*Counsel for Defendant Financial Indemnity Company*

*/s/ Brian S. Sheldon*, *approved via email*
Brian S. Sheldon
Stephen R. Matthews
PHILLABAUM, LEDLIN, MATTHEWS & SHELDON, PLLC
421 West Riverside, Suite 900
Spokane, Washington 99201
Phone: (509) 838-6055
Fax: (509) 635-1909

*Counsel for Plaintiffs Daly, Brown and Leifer*

STIPULATED PROTECTIVE ORDER - 24

WITHERSPOON, KELLEY, DAVENPORT & TOOLE, P.S.
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELORS
1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0300
(509) 624-5265

## EXHIBIT A: PROTECTIVE AGREEMENT

I, _____, hereby acknowledge that I have

received a copy of the Stipulated Protective Order entered in *Daly, et al., v. FIC, et*

*al.*, Case No. CV-07-384-EFS, E.D. Wash.  I have read that Order, I understand the

terms, conditions, and restrictions imposed by that Order on one who is given

access to confidential documents and information pursuant to that Order, and I

agree to be bound by all of the terms, conditions, and restrictions imposed by that

Order.

I will return all confidential documents, material and information I

receive to counsel who provided them to me.  I acknowledge that the return or

subsequent destruction of such documents, material, and information shall not

relieve me from any of the obligations imposed on me by that Order.

I further acknowledge that I understand that I may be subject to

sanctions imposed by the Court, including an order of contempt, if I fail to abide

by and comply with that Order.

Dated: _____

_____
Name

_____
Occupation

Business Address and Telephone:

_____

_____

_____

## EXHIBIT B: NON-DISCLOSURE AGREEMENT

I, _____, hereby acknowledge:

1.      I understand that the focus group study in which I have been requested to participate will result in the receipt by me of information considered by third parties to be confidential and proprietary.

2.      In consideration of my selection to participate in the focus group and my receipt of compensation for my participation in that study, I agree to keep all information disclosed to me during the course of such study as confidential, and I will not disclose such information to any other person.

Dated: _____             _____

                                            Name

                                            Address and Telephone:

                                            _____

                                            _____

                                            _____

                                            _____